**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6050

GERALD DAMONE HOPPER,

Plaintiff - Appellant,

v.

GARRY L. MCFADDEN, Sheriff, Mecklenburg County, In his official capacity; MARY LEBLISS, Medical Doctor, Mecklenburg County Jail, in her individual capacity; DESTINY WALTERS, Physician Assistant, Mecklenburg County Jail, in her individual capacity; ROSHAUNDA FRIDAY, Nurse, Mecklenburg County Jail, in her individual capacity,

Defendants - Appellees,

and

WELLPATH, Healthcare/Medical Providers, Mecklenburg County Jail, in its official capacity,

Defendant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, Chief District Judge.  (3:22-cv-00454-MR)

Submitted:  April 11, 2024                                  Decided:  April 16, 2024

Before AGEE and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

Remanded by unpublished per curiam opinion.

Gerald Damone Hopper, Appellant Pro Se.  Sean Francis Perrin, WOMBLE BOND DICKINSON (US) LLP, Charlotte, North Carolina; Michael Duane Jones, Luke Paul Sbarra, Kari Swindle, HEDRICK GARDNER KINCHELOE & GAROFALO, LLP, Charlotte, North Carolina; Jennifer Bryant Milak, TEAGUE, CAMPBELL, DENNIS & GORHAM, LLP, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Damone Hopper seeks to appeal the district court's order granting summary judgment to Defendants on Hopper's 42 U.S.C. § 1983 complaint. In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on November 9, 2023. Hopper filed the notice of appeal more than 30 days later, on December 18, 2023.[*] In his notice, Hopper requested an extension of time, which we construe as a motion to extend the appeal period under Fed. R. App. P. 4(a)(5). Because the district court has not ruled on this request, we remand this case for the limited purpose of determining whether Hopper is entitled to an extension of the appeal period. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

---

[*] For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Hopper could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

3